**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------
ARTHUR L. MERCER,

                                Plaintiff,

            v.                                                 No. 13-CV-1052
                                                                  (DNH/CFH)

GUDESBLATT LAMB, et al.,

                               Defendants.
-----------------------------------------------------------------

**APPEARANCES:**                                  **OF COUNSEL:**

ARTHUR L. MERCER
Plaintiff Pro Se
11-A-5486
Fishkill Correctional Facility
P.O. Box 1245
Beacon, New York 12508

**CHRISTIAN F. HUMMEL**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION AND ORDER

The Clerk has sent to the Court a civil rights complaint brought by pro se plaintiff Arthur Mercer, pursuant to 42 U.S.C. § 1983. Compl. (Dkt. No. 1). Mercer has not paid the filing fee and instead seeks permission to proceed with this matter in forma pauperis ("IFP"). Dkt. No. 3.

### I. DISCUSSION

#### A. Application to Proceed IFP

Mercer has submitted an IFP Application. After reviewing the entire file, the Court finds that plaintiff's financial status qualifies him to file this action without prepaying in full the

$350.00 filing fee.  Although plaintiff is financially eligible to proceed IFP, he must still pay the partial filing fee as stated in 28 U.S.C. § 1915(b)(1).  Plaintiff has filed the appropriate authorization form.  Dkt. No. 2.  Plaintiff's request to proceed IFP in this action is therefore granted.

## B. Allegations Contained in the Complaint

Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed in forma pauperis, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  Thus, it is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed further with his action.

Mercer brings this action pursuant to 42 U.S.C. § 1983.  An action commenced pursuant to 42 U.S.C. § 1983 requires proof of the "deprivation of any right[], privilege[], or immunit[y] secured by the Constitution" or laws of the federal government.  42 U.S.C. § 1983; see also German v. Fed. Home Loan Mortg. Corp., 885 F. Supp. 537, 573 (S.D.N.Y. 1995) ("Section 1983 establishes a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States.") (quotations omitted).

Mercer contends that his First, Fourth, Fifth and Fourteenth Amendment rights were violated when defendants submitted a case to the grand jury naming a John Doe and later

2

amending the indictment to name Mercer without giving him notice. Compl. (II)-(III). In papers filed in conjunction with Mercer's state court appeal, which were attached to the present complaint and assumed to create the basis for relief in the present case, it was argued that Mercer (1) was denied his right to a speedy trial; (2) had his rights undermined by having an indictment originally name a John Doe, despite knowing Mercer's identity, only to have it later amended without notice; and (3) did not have an attorney present at his indictment. Stein Aff. (Dkt. No. 1 at 8-14) ¶¶ 13-15. Mercer seeks to have his "conviction overturned and dismissed," along with an award of damages. Compl. (V). For a complete statement of plaintiff's claims, reference is made to the complaint.

The Supreme Court has held that

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). Assuming the attached Stein Affidavit also serves as a basis for relief, any such claims strike at the heart of Mercer's conviction. Moreover, Mercer specifically requests that his conviction be overturned. Accordingly, were Mercer to succeed on any theory espoused above, he would necessarily call into question the validity of his underlying conviction and sentence. As such, all of these claims are

3

barred because he has failed to show that a conviction or sentence has been overturned.[1] See Duamutef v. Morris, 956 F. Supp. 1112, 1115-18 (S.D.N.Y. 1997) (dismissing § 1983 claims of malicious prosecution, false arrest, perjury, retaliation, and civil rights conspiracy under Heck where the plaintiff's underlying conviction had not been overturned). Accordingly, such claims would be barred under Heck and dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) is recommended as Mercer's complaint lacks an arguable basis in law.

**WHEREFORE**, it is hereby

**ORDERED**, that Mercer's Motion to Proceed In Forma Pauperis (Dkt. No. 3) is **granted**.[2]

**RECOMMENDED**, that pursuant to the Court's review under 28 U.S.C. § 1915, Mercer's complaint be dismissed as barred by Heck v. Humphrey, 512 U.S. 477, 486-87 (1994); and it is further

**NOTICE:** Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections must be filed with the clerk of the court within **FOURTEEN** days of service of this report. **FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE APPELLATE REVIEW.** 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; Roldan v. Racette, 984 F.2d 85 (2d Cir. 1993).

---

[1] Mercer has provided documentation indicating his conviction was appealed to the New York State Court of Appeals (Stein Aff. (Dkt. No. 1 at 8-14); however, there is no documentation indicating that his conviction no longer stands.

[2] Plaintiff should note that although his in Forma Pauperis Application has been granted, Plaintiff will still be required to pay fees that he may incur in this action, including copying and/or witness fees.

4

It is further **ORDERED** that a copy of this Report-Recommendation and Order be served on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Date: August 28, 2013
       Albany, New York

*Christian F. Hummel*
Christian F. Hummel
U.S. Magistrate Judge